## LAWMAN *v.* JOHNSTON.

PLEADING; AFFIDAVIT OF DEFENSE; SUFFICIENCY.

1. While under the 73d rule an affidavit of defense is to be liberally construed (citing *Codington* v. *Standard Bank,* 40 App. D. C. 409), its terms must reasonably warrant the inference that the defendant has a substantial defense to the plaintiff's claim.

2. An affidavit of defense to an action on a promissory note alleged to have been given in lieu of stock which the defendant agreed to give plaintiff for acting as his attorney in the transfer of property to a corporation is insufficient under the 73d rule, where it alleges that the plaintiff was employed by the incorporators of the corporation, which paid his fee, and that the note is based on an illegal consideration in that the plaintiff, though acting for the corporation, agreed to obtain for the defendant an excessive price for the property, if the latter would transfer certain shares of his stock to the plaintiff, and the defendant, though unwilling, finally consented, it not being alleged that the excessive price was obtained by misrepresentation or that the incorporators did not know of the relations between the plaintiff and the defendant, and it appearing inferentially that the defendant was merely incorporating his business; and where it further alleges that the defendant gave the plaintiff the note for stock with the understanding that the plaintiff would obtain the stock from the corporation, and hold the same as collateral, but that he failed to have the same issued, there being no allegation that the plaintiff was to perform any further service after the organization of the corporation, or that he agreed to have the stock issued.

No. 2634. Submitted March 6, 1914. Decided April 6, 1914.

HEARING on an appeal by the defendant from a judgment for the plaintiff in the Supreme Court of the District of Columbia under the 73d rule, for want of a sufficient affidavit of defense.                                   *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for the plaintiff under the 73d rule in the supreme court of the District.

The plaintiff, Walter A. Johnston, declared upon a promissory note signed by the defendant, William Lawman, appellant, and upon the common counts in assumpsit. In his affidavit of merit he sets forth that he "represented the defendant as counsel in the transfer of certain real estate and personal property of defendant" to the Lawman Bakery, Incorporated, doing business in the District of Columbia; that for this service he was to receive five of the sixty-five shares of stock which the defendant was to receive from said corporation; that the property mentioned was duly transferred by defendant to the corporation; that the defendant was the president thereof, and had in his possession its stock book and seal; that subsequently plaintiff accepted defendant's note for said five shares of stock, and that at the maturity of this note the interest was paid thereon and a new note executed, which is the note in suit.

In the affidavit of defense, which the court adjudged insufficient, the defendant avers that he is not indebted to the plaintiff for services rendered in transferring or causing to be transferred the property of the defendant to the Lawman Bakery; that he was employed to do that work by the incorporators of the bakery company, and that his fee was paid by the company; that the note in suit was not based upon a valid consideration, in that the plaintiff was the attorney for the incorporators of said company and proposed to the defendant that he, plaintiff, would procure the value of defendant's business to be fixed at $6,500, which exceeded the actual value by $1,500, for which service plaintiff was to receive a fee of four of the defendant's shares of stock. The defendant further sets forth that he did

not desire to enter upon such a transaction, but finally "consented to the said proposition;" that sometime thereafter, "and after the said business had been incorporated with the said defendant's interest embodied on the inflated valuation," the defendant purchased from the plaintiff his shares of stock, and gave his, defendant's, promissory note therefor, "with the further understanding that he, the plaintiff, would obtain said stock from said corporation and hold the same as collateral security for the payment of said note;" that the defendant, at the time of said transaction, was not in possession of the seal of the corporation, "nor was he in a position to obtain or cause the issuance of stock;" that the plaintiff agreed to deliver said four shares of stock to the defendant, but has wholly failed in this respect; that plaintiff has no claim against him, "because not only was the consideration for the delivery of said stock illegal as aforesaid, but the consideration for the said note wholly failed, because the said plaintiff never procured the said stock to be issued."

*Mr. William A. Lee,* for the appellant:

1. The defendant's affidavit of defense is to be liberally construed in order that he may not be deprived of his constitutional right to a trial by jury, unless it appears by his own affidavit that he has no real defense. *Bailey* v. *District of Columbia,* 4 App. D. C. 356; *Gleason* v. *Hoeke,* 5 App. D. C. 1; *St. Clair* v. *Conlon,* 12 App. D. C. 161; *Pumphrey* v. *Bogan,* 8 App. D. C. 449; *Dobbins* v. *Thomas,* 26 App. D. C. 157; *Potomac Laundry Co.* v. *Miller,* 26 App. D. C. 230.

*Mr. Conrad H. Syme,* for the appellee:

1. The amended affidavit of defense filed in this cause does not comply with the 73d rule. "While great strictness should not be required of a defendant in his affidavit, the affidavit should set forth the defense in good faith, and it cannot be permitted that the defendant evade the rule by the interposition

of indirectness and vague statements, when it is evidently with-in his power to set forth his defense with the particularity which the rule contemplates." *Chapman* v. *Coal Co.* 11 App. D. C. 386.

Mr. Justice Robb delivered the opinion of the Court:

While an affidavit of defense is to be liberally construed (*Codington* v. *Standard Bank,* 40 App. D. C. 409), its terms must reasonably warrant the inference that the defendant has a substantial defense to plaintiff's claim. The defendant is here seeking to avoid the payment of a promissory note, because, as he contends, it was given for an illegal consideration. He avers that the plaintiff received a fee from the corporation for transferring defendant's property to it. This averment amounts to nothing more than a statement that the plaintiff prepared the papers for the transfer after the terms of the transfer had been agreed upon. The defendant then states that the plain-tiff proposed to have the value of defendant's property to the corporation fixed at $6,500, instead of $5,000, its true value, and that he, defendant, finally "consented to the said propo-sition." He does not state that any misrepresentations were made to the incorporators by the plaintiff, nor, indeed, does he state that any representations whatever were made. Nor does he state that the incorporators were ignorant of the relations existing between plaintiff and defendant. In short, it merely inferentially appears that the plaintiff, representing the defend-ant, secured for him a good price for his property. It was per-fectly proper and legitimate for the plaintiff thereafter to repre-sent all the incorporators in preparing the transfer papers. We have thus far assumed that there were other bona fide incorpora-tors, but the affidavit contains no such averment. Inasmuch as it inferentially appears that the property transferred constituted the assets of the corporation, it is fair to assume that defendant was following the custom obtaining in this jurisdiction by in-corporating his business. In other words, that to all intents and purposes he was the corporation. If the facts were other-

wise, he should have stated them, for he was in a position to know what they were.

The defendant further complains that the plaintiff did not procure the issuance of the stock. There is no averment that it was his duty to do so. For his own protection he was to hold the stock as collateral security for the payment of his note. Inasmuch as the stock was not issued, he, of course, could not hold it. The affidavit utterly fails to allege that he was to perform any further service after the organization of the corporation. The closing averment that plaintiff never procured the stock to be issued is without force, because it is not preceded by any averment that he ever agreed to do so.

The affidavit does not impress one as being entirely ingenuous. Reading it as a whole, and indulging in the inferences naturally deducible therefrom, we must conclude that the plaintiff rendered the defendant legitimate services, for which he was to receive a certain number of shares of stock in the corporation to be formed; that the defendant purchased plaintiff's rights to that stock, gave his promissory note in payment, and, the corporation failing of success, sought to avoid payment of his note.

The judgment must be affirmed, with costs. *Affirmed.*